UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LULELYA BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>WALT MASLEN,<br><br>    Defendant. | Case No. C24-0358RSM<br><br>ORDER TO SHOW CAUSE |

*Pro se* Plaintiff Lulelya Brown has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on April 8, 2024. Dkt. #5. Summons has not yet been issued.

Plaintiff, a Washington State resident, brings this action against Walt Maslen, a resident of Alaska. *Id.* at 2. Mr. Maslen was Plaintiff's former landlord in Alaska, and this case clearly relates to that landlord-tenant relationship, a breach of the lease agreement, and subsequent harassment. There are no allegations that Mr. Maslen has had any contacts with the State of Washington.

As with all new cases, the Court begins by asking whether or not it has jurisdiction to hear the case. Plaintiff submits a form complaint for violation of civil rights, but has left many of the fields blank and instead attached a rambling set of facts and law interspersed with

ORDER TO SHOW CAUSE - 1

exhibits. *Id*. The total filing is 97 pages long. Under "Basis for Jurisdiction" the form is not filled out, and the possible bases for jurisdiction are blank. *Id.* at 5. The Civil Cover Sheet submitted by Plaintiff has checked "Diversity" as the basis of jurisdiction. Dkt. #1-3. Federal Question jurisdiction is not selected. The parties are clearly located in different states and Plaintiff requests "actual/compensatory/punitive/pain and suffering damages in the amount of $5,000,000…" Dkt. #5 at 93. Diversity jurisdiction under 28 U.S.C. § 1332 could be demonstrated if the amount in controversy exceeded $75,000.

On the other hand, the Complaint alleges violations of constitutional rights, as well as "constitutional contract rights." *Id.* at 15. On page 76, the Complaint states: "Claim(s) upon which relief can be granted due to the injury caused to me (Lulelya Brown) by Walt Maslen and his Discrimination/Racial profiling/Harassment and breaches of Contract while being my recent past landlord: for violations of: 42 U.S. Code § 1981 (a)/(b)/(c)… 42 U.S. Code § 1982… 42 U.S. Code § 3604… 42 U.S.C. § 3617… 42 U.S.C. § 3631… 42 U.S. Code § 3631… The Constitution of the State of Alaska… Declaration of Independence… Alaska statutes § 18.80.240… ALASKA UNIFORM RESIDENTIAL LANDLORD & TENANT ACT…" Dozens of laws are listed. Federal question jurisdiction under 28 U.S.C. §1331 might be implicated, depending on the facts.

Unfortunately, the alleged facts are scattered throughout the 97 pages in a way that is difficult to follow. On page 10 Plaintiff says …"I, Lulelya Brown moved out of the condo I rented from Walt Maslen on 3-31-2022 [] and enduring his refusal to fix/repair any of the appliances/items in the unit upon which I rented from him and also the intentional and crystal clear discrimination/racial profiling I… and my husband and 2 daughters went through…" On page 14 Plaintiff states that her landlord texted her days or weeks before the first of "almost"

ORDER TO SHOW CAUSE - 2

every month to inform her to pay rent "as if I am a dumb inadequate woman without the capacity and common-sense to pay my rent" and argues that this "establishes 'harassment'" under Alaskan Criminal Law § 11.61.120(a)(1) "without a doubt."  In the next paragraph Plaintiff discusses how she was given an eviction notice during the "CDC moratorium" after she informed Defendant she could only pay half of the month's rent.  *Id.*  Plaintiff alleges in the next paragraph that Defendant's "intentional and flagrant bragging/boasting/flaunting" of his wealth constitutes criminal harassment under Alaskan law.  *Id*.  She alleges Defendant racially profiled her and her family by automatically assuming that she is the "prime suspect" when there was problems with the property.  *Id.*  Further details on that allegation are lacking. She discusses problems with mold under the bathroom sink.  Plaintiff attaches many photos of her condo and text messages with her landlord.  She discusses a need to replace the master bedroom window and issues with many other fixtures in the condo.  On page 44 Plaintiff states:

> "To further establish/prove/confirm/corroborate the malicious discriminatory, racist, and lying ways of Walt Maslen, I have supplied the nonfactual and completely uncorroborated unfavorable landlord reference form by Gruening Park in Juneau, AK which reflects that Walt Maslen insisted on lying on [sic] me to my possible future landlord even though I do not owe him a dollar and the minor carpet damage from the rabbit Walt Maslen allowed me to have while being a tenant of his was paid for upon my leaving his condo/unit (he stole/kept half of my deposit even though he allowed the rabbit to stay in the condo), THEREFORE, I HAVE DISPLAYED THE MALICE AND HATE WALT MASLEN HAS FOR AFRICAN AMERICANS:
>
> …
>
> [email from Defendant stating] One of the worst renters I have ever had. So much damage. 7 months back rent. she threatened me many times.
>
> Bad, very bad
>
> …

ORDER TO SHOW CAUSE - 3

> [email from Defendant stating] She has accused me and my agent of being racist many times and claimed she has retained a lawyer. I just wanted her out. She is a very angry woman!

*Id*. at 44, 47, and 49. The Complaint continues in this fashion, detailing how her landlord gave her a bad reference but did not include concrete evidence of the damage to the apartment.

On page 61 Plaintiff attaches a January, 2021, text chain with her landlord that appears to go like this (punctuation has been cleaned up):

> Defendant: Good morning. Just a reminder that rent is due today! Happy new year.
> Plaintiff: I spaced it sorry but I have the money and will be paying it today.
> Defendant: That's fine. Let me know when you make the deposit [smiley face emoji]
> Plaintiff: Walt I am so sorry I keep attempting to transfer the money to you and my stupid app won't let me [face palm emoji]
> Defendant: Please visit Wells Fargo in the morning
> Plaintiff: I'm actually in the airport rn flying…

On page 62 Plaintiff attaches a March 29, 2021, text chain with her landlord (punctuation has been cleaned up):

> Defendant: Good morning. Just a reminder that rent is due in 2 days.
> Plaintiff: Thank you for the reminder. I haven't forgotten just waiting on my pay check to hit my account.
> Defendant: Just a reminder. Catholic services have a new program for rent assistance which pays for up to 12 months. Call and ask for Edger.
> Plaintiff: I have already applied for one [smiley face emoji]. I'm not struggling to pay my rent but the help won't hurt [shrugging emoji][crying with laughter emoji].
> Defendant: Ok.

There are several further text exchanges that appear to demonstrate a pleasant, respectful relationship between landlord and tenant. On page 72 Plaintiff attaches the following texts:

ORDER TO SHOW CAUSE - 4

> Defendant: Yes your [sic] right. I may as [sic] tell you now and you can consider this official. I do not plan on renewing your lease in March. I am required to give you a 30 day notice by the terms of the lease also this gives you additional time to start your search.
>
> Plaintiff: I didn't plan on renewing my lease anyways. [thumbs up emoji] but until then I still have a washer that is messing up and that is still your responsibility considering I am still currently your tenant…

On pages 73 and 74 there are text messages discussing how Defendant is "treating [Plaintiff] like a 12 year old;" at one point Defendant states "Good Morning: I know your [sic] getting tired of me treating you like a 12 year old but you are now 15 days late on your rent. What are your plans? I also received another disconnect notice…. I need you to make a decision on what your [sic] going to do soon because when I file your execution [sic] notice you will have 7 days to move and I plan on doing that Wednesday."  On page 82 Plaintiff says "…being that Walt Maslen and his refusal to fix/repair anything in the condo I leased form him as well as all the other disrespectful and inhumane discrimination/racial profiling "EXPELLED" me from the condo I leased from Walt Maslen without a doubt!" Plaintiff seeks $5,000,000 in relief. *Id*. at 93. She states that she "intend[s] on filing a Federal Felony Criminal Complaint" against Defendant. *Id*. at 96.

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction.  Furthermore, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

It is not clear that this Court has subject matter jurisdiction over this case.  Although the parties are diverse, the amount in controversy is not pled with clarity and appears to be

ORDER TO SHOW CAUSE - 5

untethered from the alleged actions of Defendant.  The $5,000,000 figure jumps out of nowhere and does not appear to be a plausible amount of damage given the nature of the relationship between the parties and the alleged actions of Defendant.  Furthermore, disputes between landlords and tenants are typically resolved in state court.  The Court strongly believes that this case should be filed in a state court of some kind in Alaska.

The Court also believes it lacks personal jurisdiction over the Defendant. There are no facts indicating that Defendant, located in Alaska, has sufficient contacts with the State of Washington for this Court to have personal jurisdiction.

Venue is likely improper. "A civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Even if this Complaint were filed in the proper venue, it currently fails to state a claim upon which relief can be granted.  Plaintiff does not adequately connect Defendant's actions to violations of law.  Plaintiff cites to dozens of laws without explaining how Defendant violated them.  Citations to criminal laws are improper in this civil action.  Plaintiff's allegations of race-based harassment do not plausibly match up with the attached exhibits.  Plaintiff has not presented sufficient allegations for the Court to reasonably infer that the laws at issue were violated.

Considering all of the above, the Court believes it lacks subject matter jurisdiction and personal jurisdiction, and that this case is otherwise frivolous.  Plaintiff's Complaint suffers

ORDER TO SHOW CAUSE - 6

from deficiencies that, if not adequately explained in response to this Order, will require dismissal. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) the basis for this Court's subject matter jurisdiction, (2) the basis for personal jurisdiction over this Defendant, and (3) why this case should not otherwise be dismissed as frivolous. **This Response may not exceed six double-spaced (6) pages**. Plaintiff is not permitted to file additional pages as attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than May 13, 2024**. Failure to file this Response will result in dismissal of this case. The Clerk shall send a copy of this Order to Plaintiff at her address of record.

DATED this 9th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 7